IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LELIA H. PROCTOR** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. **PJM 18-2989** |
| | * | |
| **ALLY FINANCIAL INC.,** *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

### MEMORANDUM OPINION

*Pro se* Plaintiff Lelia Proctor filed this suit, initially styled as a Motion for Preventative Injunctive Relief, against Ally Financial Inc., and Ally Bank on September 27, 2018. Defendants filed an Answer and Counterclaim on December 20, 2018. The Court has before it Defendants' Motion for Entry of Default on their Counterclaim (ECF No. 15) and their Motion for Judgment on the Pleadings (ECF No. 17). For the reasons that follow, the Court **GRANTS** the Motion for Judgment on the Pleadings and **DISMISSES WITHOUT PREJUDICE** the case. The Motion for Clerk's Entry of Default is therefore **MOOT**.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On September 27, 2018, Lelia Proctor filed the instant Complaint, styled as a Motion for Preventative Injunctive Relief. The Complaint is somewhat difficult to understand, but appears to

1

allege violations of the Federal Debt Collection Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA). Plaintiff was apparently complaining that Defendants had repossessed her car, which was subject to an outstanding loan and was about to be auctioned. The Complaint was signed by Plaintiff, as well as by one Gary W. Proctor-Bey, who described himself as "Personal Representative In Propria Persona Sui Juris, All Rights Reserved." ECF No. 1 at 16. Proctor-Bey also signed the Civil Cover Sheet as "Attorney of Record." *Id.* at 17. The Complaint noted that Plaintiff sought to "delegate [her] authority to Gary W. Proctor-Bey as [her] Personal Representative in this matter." *Id.* at 16.

The Court initially treated this matter as a request for a Temporary Restraining Order, and on September 28, 2018, at approximately 9:00 a.m., the Court's law clerk spoke with a Mr. Proctor-Bey, as to whom the Court could not find a record of his admission to practice law in the District of Maryland. Through that conversation, the Court learned that Mr. Proctor-Bey was not an attorney, that Proctor had not to that point served Defendants, and that the auction for the automobile was not actually scheduled to occur the next day, as initially alleged.

On October 2, 2018, the Court issued an Order denying Plaintiff's Motion to Proceed In Forma Pauperis, giving her leave to re-file the Motion if the monthly income she had listed was instead, accidentally, her annual income. ECF No. 5 at 1. The Order also noted that Proctor-Bey had neither entered his appearance in the case nor certified that he was licensed to practice in this Court, nor sought to appear *pro hac vice*, and directed him to submit appropriate filings if he is, in fact, a licensed attorney seeking to represent Plaintiff. *Id.* The Court explained, "[t]o the extent Plaintiff seeks to assign the authority to litigate this action to Proctor-Bey as a non-attorney, this is not permitted. An individual may litigate her own interests pro se or may appear through counsel; she may not designate another person as her representative in this Court. Because Plaintiff has

personally signed the Complaint, this filing will remain on the docket. However, Plaintiff is cautioned that, unless Proctor-Bey is a licensed attorney who complies with this Court's rules regarding attorney appearances, any future filings that Proctor-Bey submits on Plaintiff's behalf will be stricken from the docket." *Id.* at 2.

On October 25, 2018, Plaintiff submitted a Memorandum, signed by both herself and Proctor-Bey, to "preserve the error by this Court in the order striking" a motion that had been submitted only by Proctor-Bey.[1] ECF No. 8 at 1. The Memorandum explained that "[t]he Proctor [sic] that The Court presumes and categorizes as a non-attorney is by definition a procurator, proxy, or attorney.... A procurator by definition in the civil law is a Proctor..." *Id.* at 2. Proctor-Bey cited Black's Law Dictionary, 1st Edition (1891) for the proposition that he is an attorney by right of name, but nevertheless failed to file any proof at all that he is an attorney licensed to practice in this Court. His presence in the case, therefore, is not recognized.

Plaintiff returned an executed summons on December 12, 2018. On December 20, 2018, Defendants submitted an Answer and a Counterclaim against Plaintiff. The Counterclaim alleges Breach of Contract stemming from Plaintiff's failure to make all the required payments on her car loan, ECF No. 12 at 15, and seeks damages of $9,954.00—purportedly the total outstanding balance on the loan. Plaintiff did not file an Answer to the Counterclaim and on January 15, 2019, Defendants filed a Motion for Clerk's Entry to Default on the Counterclaim. ECF No. 15.

On January 25, 2019, however, Proctor-Bey, once again without authority to appear in the case, apparently submitted a document to the Clerk's office entitled "Consumer Questions to

---

[1] On October 1, 2018, Proctor-Bey alone had submitted a "Motion to Ammend [sic]," which noted that "[t]he Consumer... now cannot say the exact date of any auction" of the car and asking several questions, apparently of both the Court and Defendants. ECF No. 3 at 1-2. The Court, referencing its Order explaining that Proctor-Bey could not make filings on Proctor's behalf, denied the Motion on October 2, 2018. ECF No. 6.

Defendant." It was returned to him, with instructions to refer to the Court's Order of October 2, 2018, because it had not been signed by Plaintiff on her own behalf. ECF No. 16 (Return Pleading Order).

On February 21, 2019, Defendants filed the instant Motion for Judgment on the Pleadings. ECF no. 17. Once again Proctor-Bey attempted to submit documents which were returned to him on February 26, 2019 ("Consumer Questions on Defendant," "Consumer Motion to Deny Dismissal," ECF Nos. 19, 20), March 18, 2019 ("Deny Motion for Summary Judgment and Quo Warranto," ECF No. 22), March 29, 2019 ("Consumer Motion to Deny Dismissal, Consumer Questions to Defendant, and Consumer demand for documents," ECF No. 24), April 17, 2019 ("Consumer Decree of Default Judgment," ECF No. 25), and April 26, 2019 ("Demand for Quo Warranto," ECF No. 26). On March 18, 2019, the Court issued another Order directing non-party Proctor-Bey to cease making filings in the case. ECF No. 23. Because these purported filings were returned to Proctor-Bey with a direction to comply with the Court's Order of October 2, 2018, they have never been filed or received in full by the Court and are therefore not considered here.

## II. LEGAL STANDARD

The standard for evaluating a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) is the same as for a Rule 12(b)(6) Motion to Dismiss. *See, e.g., Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009). All reasonable inferences and assumptions are to be made in favor of the non-moving party (i.e. Plaintiff), and the Court assumes as true all well-pleaded facts from her Complaint. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). The Complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692a defines a "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). The Fourth Circuit has explained that "[t]he material distinction between a debt collector and a creditor—at least with respect to the second definition of 'debt collector' provided by § 1692a(6) – is therefore whether a person's regular collection activity is only <u>for itself</u> (a creditor) or whether it regularly collects <u>for others</u> (a debt collector)." Henson v. Santander Consumer USA, Inc., 817 F.3d 131, 136-37 (4th Cir. 2016).

### III. DISCUSSION

It is difficult to comprehend precisely what Plaintiff is asking for in her Complaint. She does indicate that "this matter deals with the Federal Debt Collection Practices Act 15 USC § 1692, Fair Credit Reporting Act 15 USC § 1681, and all elements defined in [a] Consent Order" that Ally entered into with the Consumer Financial Protection Bureau in 2013. ECF No. 1 at 1. She appears to allege that her car was repossessed without notice and that Ally representatives failed to respond to two written inquiries she submitted to Ally's Chief Financial Officer. *Id.* at 2-3. After recounting a series of events leading up to and after the car's repossession, *see id.* at 2-5, Plaintiff lists forty-five questions, some apparently directed to the Court and some to Ally, that seek information going to whether Ally violated any laws in its dealings with her. *See id.* at 5-12. Plaintiff also seems to be extrapolating from Ally's consent order with the CFPB that it may have

5

discriminated against her, and is seeking information to be able to determine whether she has a valid claim on that point. *See id.* at 12-14.

The short of the matter is this:

Any claim Plaintiff attempts to raise under the FDCPA fails because Ally is not a "debt collector" as defined by that statute. The Credit Application authorized the Dealer to seek credit on Plaintiff's behalf in order to finance her purchase of her car. *See* ECF No. 17, Ex. A (Credit Application). Ally agreed to finance the purchase, and the Contract makes clear that the Dealer assigned its interest in the contract to Ally. ECF No. 17, Ex. B (Contract). Ally is therefore a creditor, not a debt collector, within the meaning of the FDCPA, since it is collecting debts on its own behalf rather than for others.

Any claim Plaintiff attempts to raise under the FCRA also fails because she has not pleaded sufficient facts to show she has suffered any cognizable injury. She merely alleges that she saw on her credit report that Ally had reported her account as charged-off and closed as of August 31, 2013, and that it allegedly did so without notifying her. ECF No. 1 at 4. But Plaintiff has not explained how this action violated the FCRA or injured her in any way. If Plaintiff is claiming that such reporting is inaccurate, she has not alleged that she took the appropriate steps under the Act to inform the consumer reporting agency and pursuing an investigation. *See Ausar-El v. Barclay Bank Del.*, No. PJM 12-082, 2012 U.S. Dist. LEXIS 166436, at *4 (D. Md. Nov. 20, 2012) ("[A] plaintiff bringing a claim under §1681s-2(b) must establish that: (1) he or she notified the consumer reporting agency of the disputed information; (2) the consumer reporting agency notified the defendant furnisher of the dispute; and (3) the furnisher then failed to investigate and modify the inaccurate information.").

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings, ECF No. 17, is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. In the absence of any federal claims, there is no reason for Ally's Counterclaim for Breach of Contract, which has no federal or diversity of citizenship nexus, to stay in this Court. Therefore, Defendants' Motion for Clerk's Entry of Default on Counterclaim, ECF No. 15, is **MOOT**.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

August 2, 2019